NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ENRIQUE CRUZ,                          :
                                       :
    Plaintiff,                         :   Civil Action No. 15-954 (SRC)
                                       :
    v.                                 :   **OPINION**
                                       :
COMMISSIONER OF SOCIAL                 :
SECURITY,                              :
                                       :
    Defendant.                         :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Enrique Cruz ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 15, 2007. A hearing was held before ALJ Barbara Dunn (the "ALJ") on March 26, 2012, and the ALJ issued an unfavorable decision on May 24, 2012, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of May 24, 2012, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual

functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on six grounds: 1) the ALJ failed to follow the treating physician rule; 2) at step three, the ALJ failed to properly weigh all the evidence in regard to Listings 12.04 and 12.06; 3) the ALJ failed to properly evaluate Plaintiff's mental impairments; 4) the ALJ improperly discredited Plaintiff's subjective complaints; 5) the step four residual functional capacity determination was incomplete; and 6) at step five, the hypothetical posed to the vocational expert was deficient.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of

a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

This Court will consider Plaintiff's arguments in stepwise fashion.  At step three, Plaintiff argues that the ALJ failed to properly weigh all the evidence in regard to Listings 12.04 and 12.06.

This Court reviews the Commissioner's decisions under the substantial evidence standard.  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Under this standard, this Court must affirm the decision at step three if it is supported by substantial evidence. At step three, the ALJ concluded that Plaintiff did not meet the "paragraph B" criteria of Listings 12.04 and 12.06. These two listings, the first for mood disorders and the second for anxiety disorders, contain the same paragraph B, which requires that mood or anxiety problems:

> B. Result[] in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration . . .

(Listings 12.04(B), 12.06(B).) The category preface to these Listings explains:

> Where we use "marked" as a standard for measuring the degree of limitation, it means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis.

(Listing 12.00(C).) The ALJ determined that the record did not show that Plaintiff's emotional difficulties had resulted in meeting the paragraph B criteria.

In support of his position, Plaintiff cites the evaluations submitted by two psychological consultants, Drs. Brown and Foley. The evaluation by Dr. Foley is most pertinent here, because Dr. Foley expressly assessed plaintiff in regard to the paragraph B criteria of both Listings 12.04 and 12.06, and her report shows that, while she found moderate difficulties in two of the four criteria, she found marked difficulties on none of the four criteria. (Tr. 349.) This alone is substantial evidence which supports the ALJ's step three determinations in question.

4

Dr. Brown submitted a narrative report which did not expressly address the paragraph B criteria. While Dr. Brown found some intellectual limitations, she did not state any specific limitations in maintaining concentration, persistence, or pace.[1] (Tr. 336-37.) She reported Plaintiff's statements to her regarding his current functioning, but did not make any specific conclusions about the degree of restriction in activities of daily living or maintaining social functioning. (Tr. 336.) Plaintiff does not articulate what in Dr. Brown's report is evidence that he meets the paragraph B criteria, nor does this Court read the report as evidence that Plaintiff meets the paragraph B criteria for Listings 12.04 or 12.06.

The Court finds that the ALJ's step three determination that Plaintiff did not meet the paragraph B criteria for Listings 12.04 or 12.06 is supported by substantial evidence.

At step four, Plaintiff makes four separate arguments, but all four challenge the ALJ's weighting of the evidence, faulting the ALJ for what evidence she did and did not cite, or the amount of discussion.[2] The Court considers these arguments in the context of <u>Shinseki</u> and the deferential standard of review. As already stated, under <u>Shinseki</u>, Plaintiff bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.

---

[1] Plaintiff contends that Dr. Brown found that memory for dates and appointments was poor. While that statement does appear in the report, it appears in the section in which Dr. Brown states what Plaintiff reported to her, not what she observed during the evaluation. (Tr. 335.) Dr. Brown did not report any specific conclusions about Plaintiff's memory capabilities.

[2] Plaintiff also argues that the ALJ found exertional limitations which erode the occupational base for a full range of light work. (Pl.'s Br. 25.) Plaintiff here has confused the issues. The ALJ did not state that the claimant retained the residual functional capacity to perform the full range of light work. Rather, the ALJ made specific findings in regard to the capacity to perform light work, and the hypothetical presented to the vocational expert listed these specific residual functional capacity findings. (Tr. 108-10.) The concept of the "full range of light work" was not used.

Because this Court reviews the step four residual functional capacity determination under the substantial evidence standard, Plaintiff bears the burden, when appealing the residual functional capacity determination, of showing that the ALJ's decision was not supported by substantial evidence. Plaintiff's challenges to the ALJ's weighting of the evidence ask this Court to re-weigh the evidence, which it may not do: "Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Plaintiff's brief does not recognize these principles which are fundamental to Social Security appeals.

Plaintiff thus bears the burden of showing that the ALJ's determination was not supported by substantial evidence. Plaintiff has not done so.

At step four, the ALJ determined residual functional capacity in terms of both exertional and non-exertional limitations. As to exertional limitations, the ALJ appears to have given the greatest weight to the assessment from the state agency reviewing physician Dr. Schachtel, who reviewed the evidence of record and completed a physical residual functional capacity assessment, dated September 13, 2010. (Tr. 326-33.) The ALJ's physical residual functional capacity assessment is the same as that stated by Dr. Schachtel. Dr. Schachtel's assessment was reviewed and affirmed by Dr. Briski. (Tr. 360.) These medical assessments constitute substantial evidence of Plaintiff's physical limitations.

The only potentially conflicting medical evidence cited by Plaintiff which states an assessment of Plaintiff's physical ability to work is the assessment by Dr. Collins, who stated on

May 18, 2010 that Plaintiff could not work more than four hours daily.[3] (Tr. 307-8.) The ALJ discussed the records from Dr. Collins, and concluded that these records show a patient who had suffered a whiplash injury in a motor vehicle accident in January of 2010, received chiropractic treatment from February through July of 2010, and who ended treatment much improved. (Tr. 52.) Dr. Collins' final report states that Plaintiff's condition was stable and that no further treatment was recommended. (Tr. 295.) The ALJ appears to have reasonably concluded that the limitations observed by Dr. Collins in May of 2010 had, after successful chiropractic treatment, been sufficiently alleviated that it was not inconsistent for Dr. Schachtel to find improved residual functional capacity that September.

This Court finds that the ALJ's physical residual functional capacity determination is supported by substantial evidence.

As to Plaintiff's mental residual functional capacity, the ALJ concluded that Plaintiff was capable of performing simple, routine and repetitive tasks; following simple, one or two-step instructions; and sustaining pace, persistence, concentration and attention sufficient for such tasks. (Tr. 51.) The ALJ stated that, in making this determination, she gave the greatest weight to the reports from Drs. Brown and Foley. (Tr. 55.) Dr. Brown's mental status examination report, dated September 28, 2010, states no mental limitations to the ability to work. (Tr. 334-37.) Dr. Foley submitted an assessment of Plaintiff's functional limitations, dated January 9,

---

[3] Plaintiff points also to the evaluation by Dr. Dhillon. (Tr. 277-80.) Dr. Dhillon submitted a report after an initial consultation, dated April 5, 2010, in which he stated that he was concerned about "significant functional limitations interfering with the patient's working ability," and he recommended a "complete diagnostic workup." (Tr. 279.) After a follow-up visit on April 21, 2010, Dr. Dhillon's only statement relating to the ability to work was: "The patient should limit his daily activities to a tolerable limit." (Tr. 274.)

7

2011, and summarized her findings as follows: "The claimant is able to follow simple instructions, and with some difficulty to sustain pace persistence, concentration and attention, and to relate and adapt in work-like settings." (Tr. 355.) The ALJ appears to have also given some weight to the fact that the record did not contain evidence of any psychiatric treatment prior to April of 2011. (Tr. 53.)

Plaintiff argues that greater weight should have been given to the opinions of treating psychiatrists Drs. Yetunde, Ahmad, and Arroyo, who treated Plaintiff between April of 2011 and July of 2012. Plaintiff does not, however, cite any record evidence in which any of these psychiatrists stated that mental impairments limited Plaintiff's ability to work.

This Court finds that the ALJ's mental residual functional capacity determination is supported by substantial evidence. All in all, the ALJ's step four residual functional capacity determination is supported by substantial evidence.

Lastly, Plaintiff contends that, at step five, the ALJ erred by not including all of Plaintiff's limitations in the hypothetical posed to the vocational expert. The transcript from the hearing shows that the ALJ presented to the vocational expert a hypothetical which fully reflects the exertional and nonexertional limitations found at step four. (Tr. 108-110.) Because this Court has concluded that the residual functional capacity determination was supported by substantial evidence, the ALJ did not err in the construction of the hypothetical presented to the vocational expert. Third Circuit law requires "that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. Pa. 2005). The record shows that the ALJ followed this mandate.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that he was

harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: May 9, 2016